399 A.2d 765

**Lee R. BRANDON, Appellant,**

v.

**ERIE INSURANCE EXCHANGE.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 16, 1979.

William R. Keller and Stephen A. Teller, Wilkes-Barre, for appellant.

Anthony B. Panaway, Wilkes-Barre, for appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

On March 12, 1976, appellant's step-daughter was accidentally asphyxiated by carbon monoxide poisoning while occupying a motor vehicle operated by one Edward S. Schukers. She died the same day. At the time of the accident, appellant carried insurance with the appellee which provided no-fault benefits in accordance with the provisions of the Pennsylvania No-Fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.101, et seq.

Appellant instituted an action in assumpsit on the insurance policy, seeking both "replacement services loss" and "survivor's loss" as those terms are defined under both the No-Fault Act and the insurance policy issued by the appellee. Appellee filed Preliminary Objections which included a motion to strike from the Complaint the claim for "replacement services loss" and a motion for a more specific pleading. Both motions were granted and this Court has authorized an appeal. The ruling that the pleading be made more specific is not challenged in the appeal.

The issue raised by the ruling that the claim for "replacement services loss" be stricken is whether there can be a recovery for replacement services loss after the death of the accident victim.

The term "replacement services loss" is defined under the insurance policy in effect between the parties as follows:

" . . . expenses reasonably incurred during the eligible person's lifetime, in obtaining ordinary and necessary

services replacing those that (had he not been injured) he would have performed, without pay or profit, for the benefit of himself and his family."

The No-Fault Insurance Act, supra, in Art. I, § 103, 40 P.S. § 1009.103, defines the term as follows:

"Replacement services loss" means expenses reasonably incurred in obtaining ordinary and necessary services in lieu of those the victim would have performed, not for income, but for the benefit of himself or his family, if he had not been injured."

The terms of the policy seem to be more restrictive than the language of the statute because of the limiting words "incurred during the eligible person's lifetime." However, the same limitation would appear to be implicit in the statute in view of its definition of a "survivor's loss" recovery applicable to the period after the victim's death.

"Survivor's loss" is defined under the No-Fault Insurance Act, supra, Art. I § 103, 40 P.S. § 1009.103, as follows:

" 'Survivor's loss' means the:

(A) loss of income of a deceased victim which would probably have been contributed to a survivor or survivors, if such victim had not sustained the fatal injury; and

(B) expenses reasonably incurred by a survivor or survivors, after a victim's death resulting from injury, in obtaining ordinary and necessary services in lieu of those which the victim would have performed, not for income, but for their benefit, if he had not sustained the fatal injury."

The definition under "(B)" of "survivor's loss" is indistinguishable from the definition of "replacement services loss" except that it applies to the period after the victim's death. That would suggest that "replacement services loss" was meant to be confined to the period before the victim's death. Otherwise, the law would be authorizing a duplicate recovery on the same item of damage.

The victim died at the time of the accident so there was no "replacement services loss" prior to her death. Since "re-

placement service loss" is treated by the statute as a portion of "survivor's loss" benefits after death occurs, the appellant must be limited to such "replacement service loss" as he can establish under his "survivor's loss" claim.

Total benefits under that category are limited to five thousand dollars ($5,000), both in the insurance policy and under the Act [Art. II, Sec. 202(d)]. Recovery for "replacement services loss" in both statute and policy is at the rate of twenty-five dollars ($25.00) a day up to an aggregate benefit of one year. If appellant were permitted to recover the value of replacement services both as a "replacement service loss" and as a "survivor's loss", he would not only be duplicating benefits, but would exceed the five thousand dollar ($5,000) "survivor's loss" limit by possibly as much as several thousand dollars.

This is apparently a case of first impression under the Act, but logic and justice indicate the lower court was correct in concluding that the legislature did not intend to authorize a double recovery for replacement services.

Order affirmed.

PRICE, J., concurs in the result.

JACOBS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.